UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVORIO HENDERSON,

        Plaintiff,

v.                                        Case No. 3:23-cv-890-MMH-LLL

DEPARTMENT OF CORRECTIONS
and MS. BROWN,

        Defendants.
_____

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

    Plaintiff Davorio Henderson, an inmate of the Florida Department of Corrections (FDC), initiated this action by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1) under 42 U.S.C. § 1983. Henderson names the FDC as a Defendant in the case caption on page 1 of the Complaint Form, but he lists only "Ms. Brown" as a Defendant in section I.B. ("The Defendant(s)"). Complaint at 1, 2. Henderson alleges his confinement status was upgraded to administrative confinement on May 19, 2023, which resulted in the loss of privileges, including the right to participate in CORE classes and work release and the ability to easily and quickly communicate with his family using a tablet or kiosk. Id. at 13. He also says that spending

three days in a confinement cell made him attempt suicide, at which point he was taken to Florida State Prison for apparent psychiatric intervention. Id.

Henderson explains that Defendant Brown, a classification officer, informed him on May 24, 2023, that the change in his custody status was attributable to a 2002 criminal charge against him as a juvenile. Id. With his Complaint, Henderson provides copies of grievance records (Doc. 1-1), which reflect that his custody status was automatically changed following an audit that "revealed a juvenile arrest."[1] Doc. 1-1 at 1, 3. As relief, he seeks compensatory damages because "now [his] wife wants a divorce and [his] kids don't want anything to do with [him]." Complaint at 12.

The Prison Litigation Reform Act (PLRA) requires a court to dismiss a complaint at any time if the court determines it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma

---

[1] In a grievance response, prison officials advised that he lost some privileges because he incurred disciplinary charges to which he pled guilty. See Doc. 1-1 at 1. Liberally construing Henderson's complaint, it does not appear he is challenging the disciplinary charges that were brought against him.

pauperis that fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous.[2] Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328).

Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[3] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States

---

[2] Henderson requests to proceed as a pauper. See Motion (Doc. 2).

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

In assessing the Complaint, the Court liberally construes Henderson's pro se allegations. Haines v. Kerner, 404 U.S. 519 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, the Court will not "serve as de facto counsel" for Henderson or "rewrite" his Complaint. Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

In the section of the Complaint Form prompting Henderson to identify the federal constitutional or statutory rights allegedly violated, he wrote the following: "[d]ouble [j]eopardy and [d]octoring paperwork." Complaint at 3. He provides no factual allegations supporting either purported claim. Regardless, a double jeopardy claim challenging the "lawfulness of confinement . . . falls solely within the province of habeas corpus." Hutcherson v. Riley, 468 F.3d 750,

4

754 (11th Cir. 2006) (internal quotation marks omitted). And, accepting as true that someone—Henderson does not say who—"doctor[ed] paperwork," such conduct is not a constitutional violation.

Moreover, to the extent Henderson seeks to proceed on a claim for damages against the FDC, any such claim would be subject to dismissal because state and governmental entities that are considered "arms of the state" are not "persons" subject to monetary liability within the meaning of § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 70 (1989). The FDC is an arm of the executive branch of state government, see Fla. Stat. § 20.315, and thus is not a person for purposes of § 1983 litigation, see Gardner v. Riska, 444 F. App'x 353, 355 (11th Cir. 2011) (holding the plaintiff's claim for damages against the FDC, a state agency, was frivolous because state agencies are not persons subject to monetary liability under § 1983).[4]

To the extent Henderson seeks to proceed on a due process claim against Defendant Brown for his change in custody status, he fails to state a plausible claim for relief. Not only does Henderson not allege Defendant Brown herself was personally responsible for his change in custody status, see Complaint at

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

13, but even if she had been, "[inmates have] no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison." See Kramer v. Donald, 286 F. App'x 674, 676 (11th Cir. 2008) (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)). Indeed, the Supreme Court has held that the use of disciplinary confinement itself does not implicate constitutional liberty interests, reasoning that "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. 472, 485 (1995). Henderson asserts no facts indicating his change in custody status has resulted in "a dramatic departure from the basic conditions of . . . [his] sentence." See id. at 487.

Finally, to the extent Henderson suggests an officer or officers failed to provide him help when he was experiencing a psychiatric crisis during his first three days in an administrative confinement cell, he names no individual(s) allegedly responsible for such conduct. See Complaint at 13.

Therefore, it is now

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2.      The **Clerk of Court** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of January 2024.

MARCIA MORALES HOWARD
United States District Judge

Jax-6
c:      Davorio Henderson, # W28728